IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CHARLES SAMUEL JOHNSON JR.                                                PLAINTIFF

v.                                    Civil No. 4:19-cv-04111

NURSE KING, Miller County Detention Center
("MCDC"); and CAPTAIN ADAMS, MCDC                                         DEFENDANTS

**ORDER**

Plaintiff, Charles Samuel Johnson Jr., filed this 28 U.S.C. § 1983 action *pro se* on September 5, 2019. (ECF No. 1). Before the Court is Plaintiff's "Motion to Subpoena/Request Documents". (ECF No. 21). Defendants have not filed a response and the Court finds a response is not necessary for the Court to rule on the motion. Plaintiff's motion asks the court to subpoena "all medical documents, co-pay charges, sick calls, dates of co-pay charges & why, from the year of 2016 from southern Health Partners…" (ECF No. 21). Plaintiff states he "can't get said records on his own." *Id.*

Pursuant to Federal Rule of Civil Procedure 45(d)(1) it is the Court's duty to ensure that any party requesting a subpoena has taken reasonable steps to avoid imposing undue burden or expense on the subpoena recipient. Further, Rule 26 defines the scope of all discovery, including subpoenas. Under Rule 26, any discovery sought must be relevant to a party's claim or defense. Fed. R. Civ. Pro. 26(b)(1). The District Court has discretion to ensure that any discovery sought in a subpoena is relevant or reasonably calculated to lead to admissible evidence. *Roberts v. Shawnee Mission Ford, Inc.*, 352 F.3d 358, 362 (8th Cir. 2003). "Some threshold showing of relevance must be made" in order to prevent fishing expeditions in discovery. *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 381 (8th Cir. 1992). Finally, a subpoena to a nonparty is unduly

burdensome if the same information is available but not first sought from party defendants. *In re Cantrell v. U.S. Bioservices Corp.*, 09-MC-0158-CV-W-GAF, 2009 WL 1066011, at *2 (W.D. Mo. Apr. 21, 2009) (citing *Haworth Inc. v. Herman Miller, Inc.,* 998 F.2d 975, 978 (Fed. Cir. 1993).

Plaintiff has failed to show he has made any attempt to obtain the requested information from the defendants - specifically Defendant King who is an employee of Southern Health Partners. He has also failed to show how all of the requested information is relevant to his claims. Plaintiff is advised to use the discovery process to request the information from Defendants prior to asking the Court to issue a subpoena for the records.

Accordingly, Plaintiff's "Motion to Subpoena/Request Documents" (ECF No. 21) is **DENIED.**

**IT IS SO ORDERED this 10th day of February 2020.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE