IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CHARLES SAMUEL JOHNSON JR.                                             PLAINTIFF

v.                          Civil No. 4:19-cv-04111

NURSE KING, Miller County Detention Center
("MCDC"); and CAPTAIN ADAMS, MCDC                              DEFENDANTS

**ORDER**

Plaintiff Charles Samuel Johnson Jr. proceeds in this action *pro se* and *in forma pauperis* pursuant to 42 U.S.C. § 1983. Currently before the Court is a Motion to Compel filed by Plaintiff. (ECF No. 29). Defendant King has filed a Response in opposition to the motion. (ECF No. 31). Defendant Adams has not filed a response and the Court has determined a response is not necessary to rule on Plaintiff's motion.

In his motion, Plaintiff seeks production of Defendant King's "medical policies from Southern Health Partners Inc (his employer)…", "reason for copay charges to Plaintiff account on…6/23,16, 7/13/16 & 7/21/16 also any sick calls Plaintiff submitted to be seen on said dates…", and video surveillance footage of 8/30/16 "from 11am til 3pm" from Defendant Adams. *Id.* at pp. 1-2. Defendant King responded renewing his objection to production of the entire policy manual of Southern Health Partners. (ECF No. 31). He also states Plaintiff has not previously requested copies of, or an accounting of, any co-pays charged to his commissary account at the Miller County Detention Center. Defendant King goes on to argue Plaintiff is not entitled, "by virtue of this litigation, to an accounting of his commissary account medical co-pays" because the Eighth amendment prohibition against cruel and unusual punishment does not require that medical care be provide to inmates free of cost.

1

Plaintiff's Motion to Compel must be denied for several reasons. First, the Court notes Plaintiff failed to show he made any effort to confer with Defendants before filing his motion. Pursuant to the Federal Rules of Civil Procedure, Plaintiff must first submit his discovery request to Defendants and allow Defendants thirty (30) days to respond to such requests. Fed. R. Civ. P. 33-34. If Defendants fail to respond to any discovery requests within the thirty (30) day period, Plaintiff must then confer or attempt to confer with the Defendants in a good faith effort to obtain the requested information before seeking court intervention. Fed. R. Civ. P. 37 (a) (3) (B) and Local Rule 7.2 (g). Second, Plaintiff previously asked the Court to compel production of the medical policies of Southern Health Partners in his first motion to compel. (ECF No. 24). On March 3, 2020, the Court denied Plaintiff's motion. (ECF No. 30).

Accordingly, Plaintiff's Motion to Compel (ECF No. 29) is **DENIED. Plaintiff is advised to stop filing duplicative or frivolous motions. In the event Plaintiff continues to file such motions, the Court will enter an order directing the Clerk to accept no further motions without prior approval from the Court.**

**IT IS SO ORDERED** this 5th day of March 2020.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE