IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CHARLES SAMUEL JOHNSON JR.                                                      PLAINTIFF

v.                              Civil No. 4:19-cv-04111

NURSE KING, Miller County Detention Center
("MCDC"); and CAPTAIN ADAMS, MCDC;
DEPUTY MATHEW HENSLEY; SERGEANT B.
GRIFFIE, MCDC; OFFICER TEFFT; and
OFFICER RODRIGUEZ                                                               DEFENDANTS

**REPORT AND RECOMMENDATION**

Before the Court are two separate Motions to Dismiss filed by Defendant Adams and Defendant Griffie. (ECF Nos. 36, 42). Plaintiff has filed Responses to each motion. (ECF Nos. 46, 51). Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, Chief United States District Judge, referred the instant motions to the undersigned for the purpose of making a Report and Recommendation.

**I. BACKGROUND**

Plaintiff Charles Samuel Johnson Jr. filed his initial Complaint in this lawsuit on September 5, 2019. (ECF No. 1). The Complaint was signed and dated on August 28, 2019. The envelope containing the Complaint was postmarked on August 30, 2019 and marked "Received WD/AR" by the Clerk's Office on September 1, 2019. *Id.* at p. 8.

In Claim One of the Complaint Plaintiff describes his claim as "Denial of Medical, Abuse of Power". He identifies Nurse Steven King and Captain Adams, both of whom work at the Miller County Detention Center ("MCDC") as the Defendants who allegedly violated his constitutional rights. Specifically, Plaintiff states:

> On 8/30/16 I asked Nurse King to be seen by medical after being chocked by a officer. King denies me medical attention stating that I wasn't chocked. 8/31/16 my

1

>grievance about King denial of my medical was answered by Cpt. Adams who states when did a Officer have to use force, but he to never give the medical treatment.

(ECF No. 1, p. 4). As for his official capacity claim against Defendants King and Adams for denial of medical care Plaintiff states:

>By not giving me medical attention Nurse King denied me medical treatment & violated my rights plus policy by doing so. By not getting me medical attention after it was brought to Cpt. Adams attention that I was chocked he violated my rights & policy.

*Id.* at p. 5.[1]

On December 6, 2019, the Court entered an Initial Scheduling Order setting various deadlines for initial disclosures, to conduct discovery, to amend the pleadings and add parties, and to file summary judgment motions. (ECF No. 17). The deadline to amend pleadings or to join other parties was March 5, 2020. *Id.* On February 19, 2020, Plaintiff filed a Motion to Amend his Complaint. (ECF No. 23). The following day, the Court granted Plaintiff's motion and ordered Plaintiff to submit an Amended Complaint by March 12, 2020 to clarify his claims. In the order, the Court directed the Clerk to add the following new Defendants named in Plaintiff's Amended Complaint: Mathew Hensley, B. Griffie, Tefft, and Rodriguez. (ECF No. 25).

Plaintiff filed his Amended Complaint on March 12, 2020, reasserting his claims against Defendants King and Adams for denial of medical care. (ECF No. 33). In addition, Plaintiff alleged on August 30, 2016 his constitutional rights were violated by Defendants Hensley, Griffie, Tefft, Rodriquez, and Adams. *Id.* at p. 7. Plaintiff describes this claim as "Excessive Force, Deliberate Indifference, violation of Due process Clause" and goes on to state:

>On 8/30/16 during the lunch break from court I got into a argument with officer Tefft…as I'm arguing with him up walks Sgt. Griffe…& he tells me that he's not going to let me go back to court & then grabs me & start pulling me towards the

---

[1] In the original Complaint Plaintiff makes additional claims against Defendant King which are not relevant to Defendants' motions to dismiss.

2

>door that leads to the hallway that goes to the cells, I then start yelling for Sgt. Miller. Officer Hensley comes up the hall & grabs a hold of the waist chain that is on me & starts to pull me down the hallway as if I'm a run away slave he's returning. The whole time I'm trying to tell him he doesn't have to pull me & that the chains on my ankles or cutting into me because I have no socks on. He ignors my pleas & keep pulling me for at least 50 yards. Upon reaching my cell as I'm walking in it Officer Hensley shoves my shoulder & tells me 'now get in that cell'… I shake my shoulder & tell him he doesn't have to shove me. Officer Hensley then spins me around outside my cell & proceeds to chock me in a eagle claw type of grip. He does this the whole time while I'm shackled in leg restraints, waist chain with handcuffs attached to it. All the time Sgt. Griffie…Officer Tefft & Officer Rodriquez just stand there & watch. After he chockes me a while Griffie then states 'oh he good'…

*Id.* at pp. 7-8. Plaintiff then asserts another claim against Defendant Adams described as "Excessive Force, Deliberate Indifference, violation of Due Process Clause" and states, "On 9/1/16 Cpt. Adams was informed by me that Officer Hensley had chocked me, Cpt. Adams did nothing about this matter & he also covered up for Officer Hensley by not having him write a incident report…" *Id.* at p. 9.

On March 19, 2020, Defendant Adams filed a Motion to Dismiss and on April 3, 2020, Defendant Griffie filed a Motion to Dismiss. (ECF Nos. 36, 42). Both Defendants argue: 1) "Plaintiff's Amended Complaint was filed more than three years following the alleged deprivation of his rights occurring on or about August 30 and 31 of 2016 and should be denied as being time-barred according to the statute of limitations."; and 2) "In addition, Plaintiff previously filed a Complaint against Miller County Defendants alleging excessive force occurring on or about August 30, 2016 in Case No. 4:16-cv-04109-SOH…[and] Plaintiff settled his case for $2,000." *Id.* Plaintiff filed Responses to each motion to dismiss arguing: 1) he did not settle his excessive force claim in the case he filed in 2016; and 2) his Amended Complaint, including the additional

claims for excessive force, relates back to the date he initially filed the instant lawsuit and therefore was timely filed.[2]   (ECF Nos. 46, 51).

## II. APPLICABLE LAW

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'"  *Braden v. Wal–Mart Stores, Inc.,* 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotations omitted)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft,* 556 U.S. at 678.  While the Court will liberally construe a *pro se* plaintiff's complaint, the plaintiff must allege sufficient facts to support his claims.  *See Stone v. Harry,* 364 F.3d 912, 914 (8th Cir. 2004).

## III. DISCUSSION

### A.  Plaintiff's 2016 Lawsuit

The Court will first address Defendants' argument that Plaintiff previously settled the identical excessive force claim asserted in his Amended Complaint in a lawsuit he filed in 2016.

---

[2] The Court notes it appears Plaintiff's original Complaint, at least as to the claims arising from incidents occurring on August 30 and 31 of 2016, would be considered timely filed under the prisoner mailbox rule. In *Houston v. Lack*, 487 U.S. 266 (1988), the Supreme Court adopted the "prisoner mailbox rule" for determining when a *pro se* prisoner's notice of appeal is filed.  The Court noted that a *pro se* prisoner "has no choice but to hand his notice over to prison authorities for forwarding."  *Id.* at 275.  As a result, the Supreme Court declared that a notice of appeal is considered filed as soon as the prisoner delivers the notice to the prison authorities to be mailed to the court clerk.  *Id.* at 276. The Eighth Circuit has extended the application of the prisoner mailbox rule beyond notices of appeal to include all civil complaints made by prisoners.  *Sulik v. Taney County, Mo.,* 316 F.3d 813, 815 (8th Cir. 2003).  Thus, the date of filing for any *pro se* prisoner's lawsuit is the date the complaint was deposited with prison authorities.

The Court has reviewed the docket in Case No. 4:16-cv-04109 and it is clear Plaintiff did not receive any settlement funds for an excessive force claim.

Plaintiff filed his Complaint on November 10, 2016 asserting a claim for failure to protect against Corporal Tefft, Officer Rodriguez and Sergeant Moon. (ECF No. 1, pp. 4-7). In Claim Two of the Complaint, Plaintiff asserted a claim for excessive force against Corporal Hensley, Corporal Tefft, Officer Rodriguez and Corporal Griffie for alleged conduct that occurred on August 30, 2016. (ECF No. 1, pp. 8-10). Plaintiff's description of the facts supporting his excessive force claim in the 2016 lawsuit are almost identical to those he alleges in the Amended Complaint in the instant lawsuit. However, the Court notes Plaintiff did not name Captain Adams as a Defendant in the 2016 lawsuit.

On April 4, 2018, Plaintiff filed a Motion to Withdraw Claim #2 [Excessive Force] of Complaint. (ECF No. 45). Plaintiff explained his reasons for withdrawing the claim stating in part, "…lack of evidence on Claim #2, also it would be a waste of the Courts time to proceed with Claim #2." *Id.* On April 18, 2018, the Court granted Plaintiff's motion and dismissed his claim for excessive force against Defendants Hensley, Teft, Rodriguez, and Griffie without prejudice. (ECF No. 54). The parties eventually settled Plaintiff's remaining claim for failure to protect and the case was dismissed on July 17, 2018. (ECF No. 64).

Accordingly, Defendants Adams and Griffie's motions to dismiss Plaintiff's excessive force claims against them in the instant lawsuit based on a previous settlement is without merit.

**B. Plaintiff's Claims for Excessive Force are Barred by the Statute of Limitations**

Section 1983 claims are governed by the personal injury statute of limitations of the state where the claim arose and, in Arkansas, that is three years. Ark. Code Ann. § 16-56-105 (2005); *Miller v. Norris,* 247 F.3d 736, 739 (8th Cir. 2001). Here, the events at issue occurred on August

30 and 31 of 2016. There is no dispute Plaintiff's original Complaint was timely filed under the prison mailbox rule. The question then becomes whether Plaintiff's Amended Complaint, filed on March 12, 2020, which adds a new claim for excessive force against Defendant Adams and four new defendants – Hensley, Griffie, Tefft, and Rodriguez - relates back to the date of his original Complaint. This issue is a matter committed to the discretion of the trial court. *Shea v. Esensten,* 208 F.3d 712, 720 (8th Cir. 2000).

Rule 15(c) of the Federal Rules of Civil Procedure outlines when "relation back" is permissible such that a party may be substituted for another party and avoid dismissal due to the statute of limitations. FED. R. CIV. P. 15(c). The rule provides in relevant part:

> (1) **When an Amendment Relates Back**. An amendment to a pleading relates back to the date of the original pleading when:
>
> …
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out–or attempted to be set out–in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and, if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
>> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>>
>> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

*Id.*

The rationale behind the relation-back provisions of Rule 15(c) is that "a party who has been notified of litigation concerning a particular occurrence has been given all the notice that statutes of limitations were intended to provide." *Baldwin County Welcome Ctr. v. Brown,* 466

U.S. 147, 149-50 n. 3 (1984).  For an amended pleading to relate back, for statute of limitations purposes, to the original, timely-filed pleading, new claims asserted in an amended pleading must arise out of the same set of facts as the original claims, and "[t]he facts alleged must be specific enough to put the opposing party on notice of the factual basis for the claim." *Taylor v. U.S.,* 792 F.3d 865 (8th Cir. 2015) (quoting *Mandacina v. United States,* 328 F.3d 995, 1000 (8th Cir. 2003).

The Court is not convinced Plaintiff's allegations against Defendants Adams and King for denial of medical care after an unnamed MCDC officer choked him in his original Complaint are specific enough to put Defendant Adams, Griffie, Henlsey, Tefft and Rodriguez on notice of an excessive force claim against them.  Accordingly, the Court finds Plaintiff's claims for excessive force in the Amended Complaint do not arise out of the conduct, transaction, or occurrence set out in the original Complaint and therefore the claims are barred by the statute of limitations.

Even if the Court assumes the claims of excessive force against Defendant Adams and four newly named Defendants arose out of the same conduct described in the original Complaint, there is no evidence to indicate Defendant Griffie, Hensley, Tefft or Rodriguez received any notice of this action within ninety (90) days after the original Complaint was filed as specified in Rule 15(c). In addition, there is no evidence any Defendant, including Adams or Griffie, knew or should have known that a claim of excessive force would have been brought against them but for a mistake concerning the proper parties identities as required under Rule 15(c)(1)(C)(ii).

According to the Supreme Court, a mistake under Rule 15(c)(1)(C)(ii) "is an error, misconception, or misunderstanding; an erroneous belief." *Krupski v. Costa Crociere S. p. A.,* 560 U.S. 538, 548 (2010) (quotation marks and brackets omitted). In support of this definition, the Supreme Court cited *Webster's Third New International Dictionary* (2002), which defined "mistake" as, among other things, "a wrong action or statement proceeding from faulty judgment,

7

inadequate knowledge, or inattention." *Id.* at 548-49.  The record does not support that Plaintiff made any "mistake" in his original Complaint.  As previously mentioned, in 2016 Plaintiff filed a lawsuit alleging an excessive force claim against Defendants Hensley, Tefft, Rodriguez and Griffie based on identical facts set forth in Plaintiff's Amended Complaint in the instant lawsuit.  Plaintiff voluntarily dismissed his excessive force claim in 2018 not only because of "lack of evidence" but also because Plaintiff believed and stated to the Court "…it would be a waste of the Court's time to proceed" with his claim for excessive force.  Case No. 4:16-cv-04109, (ECF No. 45).  Plaintiff was well aware of his excessive force claim and the identities of the individuals involved when he filed the original Complaint.

Plaintiff's claims for excessive force against Defendants Adams, Griffie, Hensley, Tefft and Rodriguez fail to meet the requirements set forth in Rule 15.  Accordingly, Plaintiff's Amended Complaint for excessive force does not relate back to the date of the original Complaint and is barred by the statute of limitations.

## IV. CONCLUSION

For the foregoing reasons, I recommend Defendants' Motions to Dismiss (ECF No. 36, 42) be **GRANTED** and Plaintiff's claims for excessive force against Adams, Griffie, Hensley, Tefft, and Rodriguez be dismissed **WITH PREJUDICE**. [3]  The remaining claim of denial of medical care against Defendants King and Adams should remain for resolution.

---

[3] As of the date of this Report and Recommendation, the summonses for Defendant Rodriguez and Hensley were returned unexecuted and the US Marshalls have not returned a summons for Defendant Tefft. (ECF Nos. 47, 48). Under Arkansas law the common defense doctrine provides if an answering party asserts a defense on the merits such as the statute of limitations, the success of the defense operates as a discharge to all the defendants. The doctrine applies even if a party makes his or her first appearance after the answering defendant is no longer in the case. *Angleo Iafrate Const., LLC v. Potashnick Const., Inc.,* 370 F.3d 715 (2004); *see also Jones v. Lee County, Arkansas,* 15-CV-00192, 2017 WL 1017928, at *4 (E.D. Ark. 2017) citing *Davenport v. Lee,* 72 S.W.3d 85, 89 (Ark. 2002) (timely assertion of statute of limitations by one defendant inures to the benefit of other co-defendants).

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED this 14th day of May 2020.**

*/s/ Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE