IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CHARLES SAMUEL JOHNSON JR.                                                                PLAINTIFF

v.                                        Case No. 4:19-cv-4111

NURSE KING, Miller County Detention Center
("MCDC"); and CAPTAIN ADAMS, MCDC                                                      DEFENDANTS

**ORDER**

Before the Court is the Report and Recommendation filed October 2, 2020, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. ECF No. 84. Judge Bryant recommends that the summary judgment motions (ECF Nos. 58, 62) filed by Defendant King and Defendant Adams be granted and all remaining claims dismissed with prejudice. Plaintiff has responded with objections. ECF No. 85. The Court finds the matter ripe for consideration.

**I. BACKGROUND**

Plaintiff is currently an inmate of the Arkansas Division of Correction East Arkansas Regional Unit. Plaintiff's claims, however, arise from alleged incidents that occurred in 2016 while he was incarcerated in the Miller County Detention Center ("MCDC"). At the time of the alleged incidents, Defendant Adams was a captain at MCDC and Defendant King was a registered nurse employed by Southern Health Partners, Inc. ("SHP"), the third-party medical provider for the MCDC.

Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging several constitutional violations. At issue today are Plaintiff's claims that Adams and King denied him medical care after he was allegedly choked by an MCDC officer and King falsified medical records that resulted in charges to Plaintiff's account for medical services he did request. Plaintiff is suing both Defendants in their individual and official capacities. Both Adams and King argue that they are

entitled to summary judgment on these claims, and Judge Bryant recommends that summary judgment be entered in favor of Adams and King. ECF No. 84. Plaintiff objects to the Report and Recommendation. ECF No. 85.

## II. DISCUSSION

In the Report and Recommendation (ECF No. 84), Judge Bryant found the following: (1) that Plaintiff's alleged throat injury did not constitute a serious medical need; (2) that Plaintiff's claims based on falsifying documents and falsifying medical bills are barred by the statute of limitations; and (3) that Plaintiff's official capacity claims must fail because he did not allege any policy, practice, or custom of Miller County or SHP that contributed to the alleged violations of his constitutional rights. The Court will address these findings below.

### A. Denial of Medical Care

Plaintiff alleges in his complaint that Adams and King denied him medical care after he was choked by an MCDC officer. "To establish that a denial of medical care rises to the level of an Eighth Amendment violation, an inmate must show that a defendant acted with deliberate indifference." *Barr v. Pearson*, 909 F.3d 919, 921 (8th Cir. 2018). "First, an inmate must show that he 'suffered from an objectively serious medical need.'" *Id.* (quoting *Schaub v. VonWald*, 683 F.3d 915, 914 (8th Cir. 2011)). "Second, an inmate must show that the defendant knew of and deliberately disregarded that need." *Id.*

Judge Bryant found that Plaintiff's throat injury did not constitute a serious medical need, and Plaintiff's objections focus mostly on this finding. "A serious medical need is 'one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention.'" *Schaub*, 638 F.3d at 914 (quoting *Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995)). Plaintiff requested to see a doctor after allegedly being choked by an MCDC officer. The next morning at pill pass, Plaintiff asked King about the request. King observed Plaintiff and did not notice any evidence of bruising to Plaintiff's

neck, difficulty breathing, or signs of distress. After returning to the infirmary, King denied Plaintiff's request to see a doctor.

Plaintiff's objections focus on what happened at pill pass and what King should have done in response to Plaintiff's request to see a doctor. Plaintiff does not dispute the finding that the alleged injury to his throat did not constitute a serious medical need. After his initial request to see a doctor for his throat was denied, Plaintiff did not submit any additional medical requests regarding his alleged throat injury. During the five months that followed his initial request regarding his throat, Plaintiff submitted approximately eleven medical requests concerning his blood pressure, medication, mental health, and acid reflux. However, none of these requests mentioned any issues with his throat. Plaintiff's alleged throat injury was not diagnosed by a physician and was not so obvious that a layperson would recognize the need for a doctor's attention. Thus, the Court agrees with Judge Bryant that Plaintiff has not shown that he suffered from an objectively serious medical need. Accordingly, King and Adams are entitled to summary judgment regarding Plaintiff's denial of medical care claim.

### B.  Falsification of Medical Records

Plaintiff alleges King violated his constitutional rights in June and July of 2016 when he falsified medical records and bills and incorrectly charged Plaintiff for medical services. Judge Bryant found that these claims were barred by the statute of limitations, which is three years for § 1983 claims. Here, the events at issue occurred in June and July of 2016, and Plaintiff filed his initial complaint on September 5, 2020. Thus, Plaintiff's claims are barred by the statute of limitations. Plaintiff does not dispute this finding. Accordingly, the Court finds that King is entitled to summary judgment regarding Plaintiff's falsification of medical records claim.

### C. Official Capacity Claims

To establish liability on the part of Miller County or SHP[1] under § 1983, Plaintiff must show that these Defendants committed a constitutional violation pursuant to an official custom, policy, or practice. *See Moyle v. Anderson*, 571 F.3d 814, 817 (8th Cir. 2009). In other words, Plaintiff must show that there was a policy, custom, or official action that inflicted an actionable injury. *Johnson v. Hamilton*, 452 F.3d 967, 973 (8th Cir. 2006).

The summary judgment record reflects that MCDC and SHP had written policies governing how and when medical care is provided to inmates. However, Plaintiff has not alleged that any policy, practice, or custom of Miller County or SHP contributed to the alleged violation of Plaintiff's constitutional rights. Instead, Plaintiff argues that King and Adams failed to abide by the policies of their employers and that the individual actions of King and Adams that allegedly violated his constitutional rights. Thus, the Court agrees with Judge Bryant that King and Adams are entitled to summary judgment regarding the official capacity claims.

### III. CONCLUSION

For the reasons stated above, based on its own de novo review, the Court overrules Plaintiff's objections and adopts the Report and Recommendation *in toto*. ECF No. 84. Accordingly, the summary judgment motions (ECF Nos. 58, 62) filed by Defendant King and Defendant Adams are **GRANTED**. Plaintiff's claims are **DISMISSED WITH PREJUDICE**, and the Clerk is directed to close this case because all claims have now been adjudicated.

**IT IS SO ORDERED**, this 29th day of March, 2021.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge

---

[1] Because Miller County has contracted with a third-party, SHP, to provide medical care, an official capacity claim against SHP's employees is treated as a claim against SHP. *Cannady v. Cradduck*, 2016 WL 4432704, at *1-2 (W.D. Ark. Aug. 18, 2016).